ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CROSSROADS SYSTEMS (TEXAS), INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOT HILL SYSTEMS CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br>**A03CA 754SS** |

**PLAINTIFF CROSSROADS SYSTEMS (TEXAS), INC. COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1. Plaintiffs Crossroads Systems (Texas), Inc. ("Crossroads") is a corporation incorporated under the laws of the State of Texas and has its principal place of business at 8300 North MoPac Expressway, Austin, Texas 78759.

2. Upon information and belief, Defendant Dot Hill Systems Corporation ("Dot Hill") is a Delaware corporation with a principal place of business of 6305 El Camino Real, Carlsbad, California.

3. Upon information and belief, Defendant Dot Hill makes, uses, offers for sale, sells and/or imports into the United States the at least the following products: (a) the SANnet I family of storage system products ("SANnet I"), (b) the SANnet II family of storage system products ("SANnet II"), and (c) Axis Storage Manager products ("Axis Storage Manager").

**JURISDICTION AND VENUE**

4. This action arises under the laws of the United States, more specifically under 35 U.S.C. § 100, *et seq.* Subject matter jurisdiction is proper in this Court pursuant

to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Upon information and belief, Dot Hill transacts business in this judicial district, including the sale and offering for sale of its products, and Dot Hill has sufficient contacts with this judicial district to subject itself to the jurisdiction of this Court. Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 5,941,972

6. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

7. On August 24, 1999, United States Patent No. 5,941,972 (the "'972 Patent") was duly and legally issued. A true and correct copy of the '972 Patent is attached hereto as Exhibit A. Crossroads is the assignee and the owner of all right, title and interest in and to the '972 Patent. The '972 patent is entitled to a presumption of validity.

8. Dot Hill has committed, actively induced and contributed to the infringement of the '972 patent. Dot Hill continues to commit, actively induce and contribute to the infringement of the '972 patent.

9. Specifically, Dot Hill's making, using, offering for sale, selling and/or importing into the United States of certain of its SANnet I and Axis Storage Manager products (with Fibre Channel to SCSI connectivity) directly infringes Crossroads' '972 patent. By Dot Hill's acts of making, using, offering for sale, selling, importing, marketing, supporting and advertising of certain of the SANnet I and Axis Storage Manager products (with Fibre Channel to SCSI connectivity) Dot Hill is actively inducing the infringement of the '972 patent and contributing to the infringement of the '972 patent.

10. Dot Hill has been on notice of the '972 patent and its infringement, and has not ceased its infringing activities. Dot Hill's infringement of the '972 patent has been and continues to be willful and deliberate.

11. Crossroads has been irreparably harmed by Dot Hill's acts of infringement of the '972 patent, and will continue to be harmed unless and until Dot Hill's acts of infringement are enjoined and restrained by order of this Court.

12. As a result of Dot Hill's acts of infringement, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 6,425,035

13. Crossroads incorporates by reference the allegations set forth in the preceding paragraphs.

14. On July 23, 2002, United States Patent No. 6,425,035 (the "'035 Patent") was duly and legally issued. A true and correct copy of the '035 Patent is attached hereto as Exhibit B. Crossroads is the assignee and the owner of all right, title and interest in and to the '035 Patent. The '035 patent is entitled to a presumption of validity.

15. Dot Hill has committed, actively induced and contributed to the infringement of the '035 patent. Dot Hill continues to commit, actively induce and contribute to the infringement of the '035 patent.

16. Specifically, Dot Hill's making, using, offering for sale, selling and/or importing into the United States certain of its SANnet I, SANnet II and Axis Storage Manager products (with Fibre Channel to SCSI or Fibre Channel connectivity) directly infringes Crossroads' '035 patent. By Dot Hill's acts of making, using, offering for sale, selling, importing, marketing, supporting and advertising of certain of its SANnet I, SANnet II and Axis Storage Manager products (with Fibre Channel to SCSI or Fibre Channel connectivity), Dot Hill is actively inducing the infringement of the '035 patent and contributing to the infringement of the '035 patent.

17. Dot Hill has been on notice of the '035 patent and its infringement, and has not ceased its infringing activities. Dot Hill's infringement of the '035 patent has been and continues to be willful and deliberate.

18. Crossroads has been irreparably harmed by Dot Hill's acts of infringement of the '035 patent, and will continue to be harmed unless and until Dot Hill's acts of infringement are enjoined and restrained by order of this Court.

19. As a result of Dot Hill's acts of infringement, Crossroads has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Crossroads requests this Court enter judgment as follows:

A. That Dot Hill has infringed the '972 and '035 patents;

B. That such infringement has been willful;

C. That Dot Hill accounts for and pays to Crossroads all damages caused by the infringement of the '972 and '035 patents;

D. That Crossroads receive enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

E. That this is an exceptional case under 35 U.S.C. § 285;

F. That Dot Hill pay Crossroads all of Crossroads' reasonable attorneys' fees and expenses, including for all appeals;

G. That Crossroads be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Dot Hill's infringement of the '972 and '035 patents, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

H. That costs be awarded to Crossroads;

I. That Dot Hill, its agents, employees, representatives, successors and assigns, and those acting in privity or in concert with them, be preliminarily and permanently enjoined from further infringement of the '972 and '035 patents; and

J. That Crossroads be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Crossroads hereby demands a trial by jury on all issues.

Dated: October 17, 2003

Respectfully submitted,

By: _____
Alan D Albright (Bar No. 973650)
Tracy L. McCreight (Bar No. 24037064)
GRAY CARY WARE & FREIDENRICH LLP
1221 South MoPac Expressway, Suite 400
Austin, TX 78746-6875

John Allcock (Cal. Bar No. 098895)
John E. Giust (Cal. Bar No. 196337)
Matthew C. Bernstein (Cal. Bar No. 199240)
GRAY CARY WARE & FREIDENRICH LLP
401 B Street, Suite 2000
San Diego, CA 92101-4240
Tel: 619-699-2828
Fax: 619-699-2701
Attorneys for Plaintiff
CROSSROADS SYSTEMS (TEXAS), INC.