IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 APR 27 PM 4:21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY

CROSSROADS SYSTEMS (TEXAS), INC.,
a Texas corporation,
  Plaintiff and Counter-Defendant,

v.

DOT HILL SYSTEMS CORPORATION, a
Delaware corporation,
  Defendant and Counter-Plaintiff.

CASE NO. A-03-CV-754 SS

## DOT HILL SYSTEMS CORPORATION'S RESPONSE
## TO MOTION TO DISQUALIFY TRIAL COUNSEL

**I. INTRODUCTION**

  Dot Hill Systems Corporation ("Dot Hill") respectfully files this its Response to Crossroads Systems (Texas), Inc.'s ("Crossroads") motion to disqualify its trial counsel, Morgan & Finnegan, L.L.P. ("M&F") on the grounds that such disqualification is legally unnecessary under applicable jurisprudence, and a belated attempt to deprive Dot Hill of highly competent trial counsel who are steeped in the facts of this complex litigation. Accordingly, Dot Hill respectfully requests that the motion to disqualify be denied and that Crossroads be precluded from calling any M&F attorney to testify at trial. As an alternative, the issue of willfulness should be bifurcated for immediate trial after liability has been established, if necessary.

**II. FACTUAL BACKGROUND**

  Crossroads has alleged that Dot Hill willfully infringed U.S. Patents Nos. 5,941,972 and 6,425,035 (the "'972 and '035 patents" or the "patents in suit"). Dot Hill has asserted that it acted in good faith and is not guilty of willful infringement, even assuming that

the patents are valid and infringed. Dot Hill bases its good faith in part on five opinions that it received from the M&F law firm that the patents are neither infringed nor valid.

The M&F law firm has also been acting as trial counsel for Dot Hill since the filing of this law suit by Crossroads in 2003, and has been heavily involved in the Dot Hill defense. As a result of M&F's long involvement in this litigation, M&F has developed a substantial expertise in the technology and legal issues involved in this complex patent litigation. Dot Hill has a huge investment in time and resources in its trial counsel, M&F.

## III.   ARGUMENT

### A.   Disqualification Of Opinion Counsel Is A Drastic Measure To Be Avoided Unless Absolutely Necessary

In considering a disqualification motion, the Court of Appeals views the rules in light of the litigant's rights and the public interest, considering "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 266 (5th Cir. 2001) (quoting In re Dresser Indus., 972 F.2d 540, 544 (5th Cir. 1992). Here, none of these considerations dictate disqualification. "[A]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." United States v. Aleman, 2004 U.S. Dist. LEXIS 24985, at * 7 (W.D. Tex. Aug. 16, 2004).

Application of the disqualification rule requires a balancing of the likelihood of public suspicion against a party's right to counsel of choice. Cossette v. Country Style Donuts, Inc., 647 F.2d 526, 530 (5th Cir. 1981). However, rather than indiscriminately gutting the right to counsel

of one's choice, the Court of Appeals has held that disqualification is unjustified without at least a reasonable possibility that some identifiable impropriety actually occurred. <u>Woods v. Covington County Bank</u>, 537 F.2d 804, 813 (5th Cir. 1976). A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification, particularly the disqualification of an entire firm, is a sanction that must not be imposed blindly. <u>F.D.I.C. v. United States Fire Ins. Co.</u>, 50 F.3d 1304, 1316 (5th Cir. 1995) (holding client's choice in counsel more significant than asserted reason for disqualification).

    **B.**    **Crossroads' Tactic Is Contrary to Controlling Federal Circuit Law – There is No Necessity For Any Morgan & Finnegan Attorney to Testify**

Crossroads asserts that it "expects" to call at least one M&F lawyer to testify in its case in chief[1] "The mere announcement by the movant that he intends to call opposing counsel as a witness is insufficient to demand disqualification." <u>Jones v. Kovacs</u>, 659 F. Supp. 835, 838 (S.D. Tex. 1987). Crossroads' tactic does not require disqualification and disqualification is legally unjustified here.

---

[1] Crossroads is in no position to seek disqualification on this basis since its trial attorneys are also potential witnesses. One of Crossroads' trial counsel, Gray Cary Ware & Freidenrich L.L.P. (now DLA Piper Rudnick by merger), prosecuted the patents-in-suit and also represented Infortrend and prepared the indemnity agreement between Infortrend and Dot Hill relating to this action. Another Crossroads' trial counsel, the Sprinkle IP Law Group, negotiated several licensing agreements for the patents-in-suit and prosecuted the re-examination of the patents-in-suit.

3

As a defense to an accusation of willful patent infringement, an accused infringer may disprove willfulness by demonstrating that it acted upon the advice of counsel. See Norian Corp. v. Stryker Corp., 363 F.3d 1321, 1332 (Fed. Cir. 2004); Ortho Pharm. Corp. v. Smith, 959 F.2d 936, 944 (Fed. Cir. 1992). To satisfy this requirement, an accused patent infringer must act with a reasonable reliance upon the opinion of counsel. See Comark Commc'ns, Inc. v. Harris Corp., 156 F.3d 1182, 1191 (Fed. Cir. 1998) ("[B]efore we may consider the exculpatory value of an opinion of counsel, the legal advice contained therein must be found on the totality of the circumstances to be competent such that the client was reasonable in relying upon it."); SRI Int'l, Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1465 (Fed. Cir. 1997). Not only must this advice be competent, it must also be objective. See Vulcan Eng'g Co. v. FATA Aluminium, Inc., 278 F.3d 1366, 1378 (Fed. Cir. 2002) ("Thus the focus is generally on whether the infringer exercised due care to avoid infringement, usually by seeking the advice of competent and objective counsel"); Pharmacia & Upjohn Co. v. Mylan Pharms., Inc., 182 F.3d 1356, 1360 (Fed. Cir. 1999).

1. **Willfulness Hinges On The State Of Mind Of The Alleged Infringer, Not Of Counsel**

Ortho Pharm. Corp. v. Smith, 959 F.2d 936 (Fed. Cir. 1992), is the key Federal Circuit case discussing the principles governing the scope of the willfulness inquiry. The infringer's "intent and reasonable beliefs are the primary focus of the willfulness inquiry." Ortho Pharm., 959 F.2d at 944. Because the willfulness inquiry centers on the mind of the alleged infringer, the focus of the inquiry into the competence of the advice of counsel is on whether the opinion was sufficient to "instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed, or unenforceable." Ortho Pharm., 959 F.2d at 944.

4

A critical factor in evaluating the effect of an opinion of counsel on the willfulness of patent infringement is the reasonableness of the party's reliance thereon. See SRI Int'l, Inc. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1465 (Fed. Cir. 1997). The focus of evaluation should be on the nature of the opinion and the effect it has on the infringer's action. See Amsted Indus. v. Buckeye Steel Castings, 24 F.3d 178, 182 (Fed. Cir. 1994).

### 2. Reasonableness Is Judged Within The Four Corners Of The Opinions

In evaluating the competence and credibility of an opinion of counsel, the Federal Circuit has directed the inquiry to focus on objective indicia of reliability that can be discerned from the four corners of the opinion. See Studiengesellschaft Kohle v. Dart Industries, Inc., 862 F.2d 1564, 1578 (Fed. Cir. 1988) (quoting Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1390 (Fed. Cir. 1983)); see also Steelcase Inc. v. Haworth, Inc., 954 F. Supp. 1195, 1200 (W.D. Mich. 1997) ("the issue is the opinion's reasonableness within its four corners, in light of everything else that [the defendant] knew").

The competence of opinion letters must be reviewed by determining whether they evidence an adequate foundation based on all necessary facts or whether they are conclusory on their face. See SRI Int'l Inc. v. Advanced Tech. Labs. Inc., 127 F.3d 1462, 1467 (Fed. Cir. 1997). Relevant factors include: when the infringer sought counsel's advice; the infringer's knowledge of the attorney's independence, skill and competence; the infringer's knowledge of the nature and extent of analysis performed by counsel in providing the opinion; whether the opinion contains sufficient internal indicia of credibility, including a validity analysis predicated on a review of the file histories, and an infringement analysis that compares and contrasts the potentially infringing method or apparatus with the patented inventions; and whether counsel

analyzed relevant facts and explained the conclusions in light of the applicable law. See <u>SRI Labs. Inc.</u>, 127 F.3d at 1467; <u>Westvaco Corp v. Int'l Paper Co.</u>, 991 F.2d 735, 744 (Fed. Cir. 1993). The Federal Circuit has announced that the importance of an opinion of counsel "does not depend on its legal correctness." <u>Ortho Pharm.</u>, 959 F.2d at 944.

### 3. Opinion Counsel Is Not A Necessary Witness

Since the opinion letters should be examined only by the four corners of the document, opinion counsel is not a necessary witness to this litigation and therefore should not affect the ability of M&F Attorneys to complete their work as trial counsel. See <u>Liz Claiborne, Inc. v. Consumer Prod. Recovery</u>, 2004 U.S. Dist. LEXIS 12206, at * 7-9 (N.D. Tex. June 30, 2004) (holding disqualification was not warranted where counsel was not a necessary witness). Disqualification is not required if the testimony would be merely cumulative. <u>Chapman Engineers, Inc. v. Natural Gas Sales Co.</u>, 766 F. Supp. 949, 958 (D. Kan. 1991).

Proper application of the Federal Circuit precedent indicates that opinion counsel should not be called to testify since counsel cannot give any competent testimony to establish the state of mind of the client. The client's state of mind must be judged by the four corners of the opinions. Viewed from the proper legal framework, Crossroads' threat to call M&F attorneys to testify should be viewed for what it is – a trial tactic designed to deprive Dot Hill of its trial counsel. The Court should not only deny the motion to disqualify but also preclude Crossroads from calling any M&F attorney to testify since their testimony is irrelevant to the willfulness issue.

One of the most recent cases addressing disqualification of opinion counsel is strikingly similar to Crossroads' tactic. <u>Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.</u>, 55 U.S.P.Q.2d 1662 (S.D.N.Y. 2000). The Court refused to disqualify patent counsel six months

before trial. Bristol chose to defend RPR's charge of willful patent infringement with an opinion letter of counsel, Mr. Baechtold. RPR then moved to disqualify Mr. Baechtold as trial counsel on the grounds, *inter alia*, that he would be required to testify as a witness as to the competency of the opinion.

The court decided that since there was no need to call Mr. Baechtold as a witness, there was no need to disqualify him as trial counsel:

> "[A]s this Court has pointed out, the issues are limited to whether the Baechtold opinion letter is a competent opinion and what Bristol's state of mind was when it decided to rely on it. In other words, was there reasonable reliance by Bristol? Bristol's management witnesses are the proper parties to be examined on that subject, not Mr. Baechtold." Id. at 1666.

Similarly, M&F attorneys are not the proper witnesses to testify in this case.

### C. Texas Law Is In Agreement That Disqualification Is Not Required Where Counsel Is Not a Necessary Witness

The Texas Disciplinary Rule of Professional Conduct 3.08 is explicit in its requirement that only where the attorney is "<u>necessary</u> to establish an essential fact on behalf of the lawyer's client" is disqualification appropriate. As demonstrated above, under controlling Federal Circuit law, there is no necessity for M&F lawyers to testify. Thus, there is no basis for disqualification under the disciplinary rules.

The cases cited by Crossroads are not opposite. Every case cited by Crossroads is a state law adjudication. Motions to disqualify are substantive motions decided under federal law, not state law. F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1312 (5th Cir. 1995). Therefore, they are neither binding, nor persuasive here.

Indeed, none of the cited cases supports disqualification here. In Ayres v. Canales, 790 S.W. 2d 554 (Tex. 1990), the Supreme Court of Texas held that the district court abused its

7

discretion in disqualifying counsel and cautioned against depriving the "opposing party of the right to be represented by the lawyer of his or her choice" merely because of a tactical weapon by the moving party. Id. at 558. In Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416 (Tex. 1996), the Texas State Court concluded counsel did not violate disciplinary rules. Id. at 422. In Spears v. Fourth Court of Appeals, 797 S.W. 2d 654 (Tex. 1990) the Supreme Court of Texas affirmed the denial of disqualification stating "[d]isqualification is a severe remedy." Id. at 656. In Spain v. Montalvo, 921 S.W.2d 852 (Tex. App. 1996) the attorney was disqualified because he was the *only* witness who could testify as to the dispute in question. Id. at 855.

### IV. BIFURCATION OF THE "WILLFULNESS" ISSUE IS AN ALTERNATIVE TO PROTECT THE JURY

While Dot Hill believes that there is no need to call a M&F attorney to testify under the law as outlined above, Dot Hill respectfully suggests that the Court could postpone the willfulness issue and try it immediately following the liability phase, if necessary. While the Court denied bifurcation at an early stage, Dot Hill respectfully submits that it is appropriate now since all discovery is complete and there would be little, if any, delay with an immediate trial of the willfulness issue after the liability trial. Indeed, the length of trial may be shortened if no liability is found. Under Fed. R. Civ. P. 42(b), the Court may bifurcate an action into separate trials "in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy." Bifurcation prevents unfair prejudice from the waiver of attorney-client privilege when the advice of counsel defense may be asserted as a defense to willful infringement. Additionally, "[e]vidence of willfulness should be presented in an environment that insures the jury will not be influenced by it." Laitram Corp. v. Hewlett-Packard Co., 791 F. Supp. 113, 116 (E.D. La. 1992).

The Federal Circuit has stated that trial courts should give "serious consideration" to a separate trial on willfulness whenever the particular attorney-client communications may be revealed. Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed. Cir. 1990) The Fifth Circuit Court of Appeals is in agreement that bifurcation is appropriate. Swofford v. B & W, Inc., 336 F.2d 406, 413 (5th Cir. 1964) ("[W]e think the better practice in all infringement cases...is to delay such finding (of willful and deliberate infringement) until final judgment, and after an accounting has been had, since only then can the full nature and extent of the infringement be disclosed and a fully enlightened determination made as to whether a punitive award is justified.") (quoting E-I-M Co. v. Philadelphia Gear Works, Inc., 223 F.2d 36, 42 (5th Cir. 1955)).

## V.   CONCLUSION

Dot Hill respectfully requests that the motion to disqualify its trial counsel be denied, or in the alternative that the willfulness issue be bifurcated for a separate trial immediately following the verdict on liability, if necessary.

Respectfully submitted,

*[signature]*

Patton C. Lochridge (Bar No. 12458500)
Travis C. Barton (Bar No. 7902276)
**MCGINNIS, LOCHRIDGE & KILGORE, LLP**
1300 Capitol Center
919 Congress Avenue
Austin, TX 78701
(512) 495-6000
(512) 495-6093 FAX

Richard F. Cauley (Pro Hac Vice)
Franklin E. Gibbs (Pro Hac Vice)
Peter O. Huang (Pro Hac Vice)
Larry Severin (Pro Hac Vice)
Michelle M. McCliman (Pro Hac Vice)
**WANG, HARTMANN & GIBBS, P.C.**
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
(949) 833-8483
(949) 833-2281 FAX

John F. Sweeney (Pro Hac Vice)
William S. Feiler (Pro Hac Vice)
**MORGAN & FINNEGAN, L.L.P.**
3 World Financial Center
New York, New York 10281
(212) 415-8700
(212) 415-8701 FAX

Valerie W. Greenberg (Pro Hac Vice)
**THE GREENBERG LAW FIRM**
121 Brite Ave.
Scarsdale, NY 10583
(914) 722-9111
(914) 722-6866 FAX

*Attorneys for Defendant Dot Hill Systems Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing document has been served on this 27th day of April, 2006 to counsel of record as follows:

John Guaranga         (via telecopy and U.S. Mail)
DLA Piper Rudnick Gray Cary
1221 South MoPac Expressway, Suite 400
Austin, Texas 78746-6875

_____
Patton G. Lochridge

11