IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 MAY 12 PM 3: 34
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

CROSSROAD SYSTEMS (TEXAS), INC.,
Plaintiff,

-vs-

DOT HILL SYSTEMS CORPORATION,
Defendant.

Case No. A-03-CA-754-SS

# ORDER

BE IT REMEMBERED on the 11th day of May 2006, the Court reviewed the file in the above-styled cause, and specifically Crossroads Systems (Texas), Inc.'s ("Crossroads") Request for Reimbursement Pursuant to the Court's February 22, 2006 Order [#342], Dot Hill Systems Corporation's ("Dot Hill") objections thereto [#343], Crossroads's response [#350], and Crossroads's Notice of Filing of HIRECounsel, Inc.'s Letter Responding to Dot Hill's Objections [#354]. Having considered the foregoing papers, the relevant law, and the case file as a whole, the Court now enters the following:

On February 22, 2006, this Court entered an order granting Plaintiff Crossroads's Emergency Motion to Modify the Case Scheduling Order and for Sanctions Against Dot Hill after finding Dot Hill produced a large quantity of documents to Crossroads in a grossly untimely fashion. As part of that order, the Court ordered Crossroads to file an affidavit attesting to the expenses it incurred as a result of the late production, which was to include an amount for attorney's fees. A declaration has now been filed by Crossroads pursuant to that order, and Dot Hill challenges the attorney's fees figure quoted by Crossroads. Crossroads is claiming just under $280,000 in attorney's fees.

At a hearing on April 7, 2006, the Court heard arguments on Dot Hill's objections. The Court determined that because the expenses incurred by Crossroads were necessarily incurred as a direct result of Dot Hill's conduct, it would not reduce the amount of attorney's fees requested by Crossroads unless Crossroads's counsel was able to obtain an agreement from HIRECounsel to reduce its bill based on Dot Hill's objections. The Court ordered Crossroads to present Dot Hill's objections to HIRECounsel and to obtain a responsive letter from HIRECounsel. On April 12, 2006, Crossroads filed a copy of a letter it received indicating that HIRECounsel would not reduce its bill.

That letter, along with two declarations submitted by Crossroads, establish that the costs Crossroads actually incurred as a result of Dot Hill's untimely production are as follows: (1) $13,625.59 paid to Digital Discovery Solutions, L.L.P.; (2) $279,801.61 paid to HIRECounsel; (3) $21,591.46 to Crossroads's expert witnesses; and (4) $1,500 in attorney's fees associated with the bringing of the Emergency Motion to Modify the Case Scheduling Order and for Sanctions Against Dot Hill.

Although Dot Hill objects to the HIRECounsel bill as excessive, it cannot dispute the fact that the cost associated with that bill was necessarily incurred as a direct result of its own conduct. The Court is not in charge of brokering attorney's fees, and in any event, Dot Hill has not adequately demonstrated that the amounts of time expended by the HIRECounsel attorneys was not reasonable or necessary under the circumstances. Moreover, it must be noted that Crossroads's resort to the services of an outside vendor allowed it to obtain extremely favorable billing rates, some of which were as low as $52.50 per hour. Dot Hill's objections fail to account for the effect of these discounted rates on the reasonableness of the total fees requested. Instead, Dot Hill's objections

improperly attempt to build HIRECounsel's lowest discounted rate, rather than prevailing market rates, into its lodestar calculations.

Ultimately, the Court is unable to conclude the attorney's fees requested by Crossroads were either unnecessarily or unreasonably incurred. There being no objections to any of the other amounts requested by Crossroads, the Court holds Crossroads is entitled to the full amount of the reimbursement requested.

Accordingly:

IT IS ORDERED that Dot Hill shall reimburse Crossroads in the amount of $316,518.66 within ten (10) days of the date of this order.

SIGNED this the 12th day of May 2006.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE